# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| SOUTHERN POLYMER, INC., | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-3875-JOF |
| LAKEWOOD ENGINEERING & MANUFACTURING CO., | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for default judgment [6].

**I.  Background**

**A.  Procedural History**

Plaintiff, Southern Polymer, Inc., filed suit against Defendant, Lakewood Engineering & Manufacturing Co., on December 23, 2008, alleging causes of action of breach of contract, unjust enrichment, quantum meruit, and account stated.

Plaintiff docketed a return of service which shows that on January 6, 2009, the process server personally served a copy of the summons and complaint on James Ross, in his capacity as Chief Executive Officer of Lakewood Engineering & Manufacturing Co.

Defendant's answer was due on January 26, 2009.[1]  On February 12, 2009, Plaintiff filed a motion for clerk's entry of default.  The Clerk of the Court entered default on February 18, 2009.  On February 12, 2009, Plaintiff also filed the instant motion for default judgment. Defendant has not responded to Plaintiff's motion for default judgment and the court deems it unopposed.

### B. Facts

In its complaint, Plaintiff states that it is in the business of selling plastic resins. *See* Cmplt., ¶ 5.  Defendant manufactures various plastic resin-based products.  *Id.*, ¶ 6.  In June 2008, Defendant ordered product from Plaintiff via purchase orders and invoices.. *Id.*, ¶ 7. Plaintiff shipped the requested product to Defendant's location in Chicago, Illinois. *Id.*, ¶ 8. Under the terms of the invoices, Defendant was required to pay Plaintiff within thirty days. *Id.*, ¶ 9.  Defendant did not make the requested payments, and Plaintiff made a written demand for payment on December 2, 2008. *Id.*, ¶ 10.  Defendant has still failed to pay. *Id.*, ¶ 11.  Under the terms and conditions of the invoices, Defendant must pay interest at the rate of 1.5% per annum. *Id.*, ¶ 12.  Defendant is also responsible for Plaintiff's expenses in collecting payment, including costs and attorney's fees. *Id.*, ¶ 13.

---

[1]In an affidavit, Plaintiff's counsel states that counsel for Defendant contacted her after the complaint was served and requested a one week extension on the deadline for Defendant's answer. *See* Affidavit of Jennifer Grippa, ¶ 8.  Plaintiff's counsel agreed to extend the deadline to February 2, 2009. *Id.*, ¶ 9.  As of the date of this order, Defendant has not filed an answer.

Plaintiff filed an affidavit in conjunction with its motion for default judgment which avers that Defendant failed to pay the contractually-agreed-upon price of $394,118.90. *See* Affidavit of Jennifer Grippa, ¶ 4. Plaintiff seeks that principal amount, plus interest at the rate of 1.5% per month, which as of February 6, 2009, comes to $48,625.69. *Id.*, ¶¶ 4-5. Plaintiff also asks for an award of costs and attorney's fees under the terms of the contract which are $600.31 and $2,815.00, respectively, for a total of $3,415.31. *Id.*, ¶¶ 4, 6. Finally, Plaintiff asks for post-judgment interest at the statutory rate of 18% per annum pursuant to O.C.G.A. § 7-4-12(b). *Id.*, ¶ 12.

## II.     Discussion

### A.     Default Judgment

The court may grant default judgment on those claims brought by Plaintiff that are legally sufficient and supported by well-pleaded allegations. *See McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). By their default, defendants "admit the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, simply because defendants are in default does not mean that a default judgment is warranted. *Id.* at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the [defendant] of [its] liability and of the

3

[plaintiff's] right to recover." *Id.* Thus, the court must determine whether the well-pleaded allegations in the complaint deemed admitted by Defendant are sufficient to establish both Defendant's liability and the amount of damages such that Plaintiff's motion for default judgment must be granted.

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). Moreover, although a party in default admits the well-pleaded allegations of the complaint against it, the claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869. Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.

### B. Application

The party claiming a breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *See* O.C.G.A. § 13-3-1; *Broughton v. Johnson*, 247 Ga. App. 819, 819 (2001). Once such a contract is shown, the elements of a right to recover for the breach

4

of said contract are (1) the breach and (2) 'the resultant damages to the party who has the right to complain about the contract being broken." *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996) (quoting *Graham Bros. Constr. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (1981)). The court finds that the well-pled allegations of the complaint set forth all of the required elements to establish Defendant's liability for breach of contract with respect to the invoices for delivery of plastic resin. Accordingly, the court finds that Plaintiff's claim for breach of contract is legally sufficient and is supported by well-pleaded allegations. The court also finds that the damages can be reduced to a sum certain based on the amounts listed in the invoices and set forth in the affidavit of Ms. Jennifer Grippa.

**III. Conclusion**

The court GRANTS Plaintiff's motion for default judgment [6].

Defendant is DIRECTED to pay to Plaintiff the amounts of (1) $394,118.90 in principal owed on the contracts; (2) $48,625.69 in interest; (3) $3,415.31 in costs and attorney's fees; and (4) post-judgment interest at the statutory rate of 18% per annum.

**IT IS SO ORDERED** this 20th day of April 2009.

    s/ J. Owen Forrester
    J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)